### WILLIAM WATSON vs. PETER MORTON, et al.

Under the rules, no notice of signing and filing a report of referees is necessary to be given to the opposite party or his attorney.

*Motion by defendants to set aside judgment on report of referees and for leave to serve papers for motion to set aside said report.*—This cause was referred to referees, and argued on the 21st of April last. On the 10th May last the report of referees was signed, and the defendants' papers on that day together with the referees' report handed over to plaintiff by one of the referees, with a request that plaintiff would deliver defendants' papers to their attorney, E. Terry, Esq., which he promised to do. On the 15th May, Terry received a note as follows—"W. Watson has called three times to see Mr. Terry, referees in Watson vs. Mor-

ton, report $223·56 due plaintiff, (signed) W. Watson." On the 10th May, rule for judgment was entered for plaintiff, and on 15th May, judgment was filed and docketed. Defendants moved on an affidavit of merits, &c., on the ground that no notice had ever been given them or their attorney, of the signing and filing said report, before judgment was entered.

*Defts Counsel.*　　　　E. Terry, *Defts Atty.*

*Plffs Counsel.*　　　　W. Watson, *Plffs Atty.*

Jewett, Justice—Denied the motion, on the ground that under the rules no notice to the opposite party or his attorney, was necessary, of signing and filing a report of referees. Defendants' attorney mistook the practice.

*Decision.*—Motion denied with costs.